
**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United State District Court | District of Tennessee | |
|---|---|---|
| Name (under which you are convicted)<br>Mario Keene | | Docket or case No.: |
| Place of Confinement: Morgan County Correctional Complex | Prisoner No.: | |
| Petitioner (Including the name under which you are convicted)<br>person having custody of petitioner) | | Respondent (authorized |
| Mario Keene                           VS. | Warden Mike Parris | |
| The Attorney General of the State of Tennessee | | |

## PETITION

1. (a) Name and location of the court that entered the judgment of conviction you are challenging: Criminal Court for Greene County, Tennessee

   (b) Criminal docket or case number (if known): Case No. 19 CR 150_____

   _____

2. (a) Date of the judgment of conviction (if known): __October 21, 2016_____

   _____

   (b) Date of sentencing: _October 21, 2016_____

3. Length of sentence: _Life_____

4. In this case, were you convicted on more than one count or more than on crime?
   Yes. X☐  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: First dfegree felony murder in the perpetration of or attempt to perpetrate a robbery; first degree felony murder in the preparation of or attempt to perpetrate a kidnapping; first degree felony murder in the perpetration of or attempt to perpetrate a theft; first degree felony murder in the preparation of or attempt to perpetrate a burglary; especially aggravated robbery; especially kidnapping;

_____

_____

6.  (a) What was your plea? (Check one)

      (1)   Not guilty x☐       (3)   Novo contender (no contest) ☐

      (2)   Guilty ☐     (4)   Insanity plea ☐

(b) If you entered a guilty plea to one count of charge and not guilty to another county or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      Jury x☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      Yes ☐ No ☐

8.  Did you appeal from the judgment of conviction?

      Yes x☐    No ☐

9.  If you did appeal, answer the following:

(a) Name of the court: <u>Court of Criminal Appeals of Tennessee,</u>

(b) Docket or case number (if known): <u>State v. Keene, No. E2017-00316-CCA-R3-CD, 2018 WL 389213;</u>

(c) Result: <u>*perm. App. Denied (*Tenn. June 6, 2018)</u>

(d) Date of the result (if known): <u>same as above</u>

(e) Citation of the case (if known): <u>No. E2017-00316-CCA-R3-  CD,    2018   WL 389213;</u>

(f) Grounds raised:

(g) Did you seek further review by a higher state court? Yes x☐  No ☐

    If yes, answer the following:

    (1) Name of the court: <u>Tennessee Supreme Court;</u>

(2) Docket or case number (if known): No. E2017-00316-CCA-R3-CD, 2018 WL 389213;

(3) Result: *perm. App. Denied (*Tenn. June 6, 2018)

(4) Date of the result (if known): June 6, 2018

(5) Citation of the case (if known): 2018WL 389213; No. E2017-00316-CCA-R3-CD;

(6) Grounds raised: That the evidence was insufficient for a rational juror to have found him guilty beyond a reasonable doubt of felony murder, especially aggravated robbery, and especially aggravated kidnapping, that the State committed prosecutorial misconduct in its closing arguments, warranting a new trial ;

(h) Did you file a petition for certiorari in the United States Supreme Court?

Yes ☐ No x☐ if yes, answer the following:

(1) Docket or case number (if known): _____

(2) Result: _____

_____

(3) Date of the result (if known): _____

(4) Citation of the case (if known): _____

10. Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☐ No x☐

11. If your answer to Question 10 was "yes,"

(a) (1) Name of the court: _____

(2) Docket or case number (if known): _____

(3) Date of filing (If known): _____

(4) Nature of the proceeding: _____

_____

_____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion: Yes ☐ No ☐

(7) Result: _____

(8) Date of the result (if known): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of the court: _____

(2) Docket or case number (if known): _____

(3) Date of filing (If known): _____

(4) Nature of the proceeding: _____

_____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion: Yes ☐ No ☐

(7) Result: _____

(8) Date of the result (if known): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of the court: _____

(2) Docket or case number (if known): _____

(3) Date of filing (If known): _____

(4) Nature of the proceeding: _____

_____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion: Yes ☐ No ☐

(7) Result: _____

(8) Date of the result (if known): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes ☐ No ☐

4

(2) Second petition:    Yes ☐  No ☐
(3) Third petition:     Yes ☐  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you
    did not: _____

12. For this petition, state every ground on which you claim that you are being held in
    violation of the Constitution, laws, of treaties of the United States.  Attach additional
    pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**<u>CAUTION:  To proceed in federal court, you must ordinarily first exhaust (use
up) your available state-court remedies on each ground on which you request
action by the federal court.  Also, if you fail to set forth all the grounds in this
petition, you may be barred from presenting additional grounds at a later date</u>.**

**GROUND ONE:** <u>DEFENDANT DENIED THE RIGHT TO CONFRONTATION OF WITNESSES</u>
<u>AND THEIR DESCRIPTION OF THE PETITIONER AND THEIR RECITATION OF THE NATURE</u>
<u>OF THE OFFENSES.</u>

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support
your claim:  <u>In its post conviction Order denying his petition, the court wrote that "Mr.</u>
<u>Douglas Payne (trial counsel) testified that the defense's trial strategy was to demonstrate</u>
<u>that Mr. Keene was acting in the defense of a third person...that he pursued this trial</u>
<u>strategy and during direct examination by the State, the co-defendant Amanda Harris</u>
<u>provided favorable testimony for Mr. Keene including *that there was no plan to do anything*</u>
<u>*to the victim, and that Mr. Keene did not become involved at all until the victim grabbed her*</u>
<u>*clothing and her hair causing her to fall on the porch and scream out.*" (Order, 8-18-22)</u>

        <u>Under Tennessee law, the government "*has the burden of proving beyond a*</u>
<u>*reasonable doubt that the defendant did not act in self-defense on defense of others.  State v.*</u>
<u>*Belser, 945 S.W. 2d 776, 782 (Tenn. Crim. App. 1996).* This mitigating evidence was not</u>
<u>attended to by trial counsel. Even his co-defendant provided testimony during the trial as</u>
<u>the existence of evidence in support of this defense. Further, the State never fulfilled its</u>
<u>duty to disprove the Petitioner's claim of defense of others.</u>

Petitioner did not even come in contact with the decedent until he heard the screams of the co-defendant. This is the record. He sat in the car up to that point. This unfortunate accident was totally unforeseen and unintentional, clearly not fair to super-charge the defendant with first degree murder. No reasonable jury would have found intent to murder the decedent beyond a reasonable doubt. The Court below took the position that it was the burden of the defendant to prove defense of others, instead of making a decision as required by law as to whether the State disproved the defendant's claim of defense of others.

A jury must find every element necessary to constitute the offense of which they might convict to have been proven beyond a reasonable doubt." Frazier v. State, 100 S.W. 84; In re Winship. Mullaney v. Wilbur, 421 U.S. 684, 95 S.C. 1881. Tennessee Constitution, Article 1, Section 6: "That the right of trial by jury shall remain inviolate." "*The Sixth Amendment in terms guarantees 'trial, by an impartial jury...' in federal criminal prosecutions because trial by jury in criminal cases is fundamental to the American scheme of justice,' the Due Process Clause of the Fourteenth Amendment guarantees the same right in state criminal prosecutions." West v. Bell, 2004 WL 7340413 U.S. D.Ct. E.D. Tennessee, N. Div, at Knoxville; 9-30-2004, citing, Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447 (1968).*

Then, the Court went on further abuse of discretion to rule that counsel's shallow energy exerted in obtaining fundamental defense witnesses, or providing the defendant his fundamental right to an adversarial defense in cross examining Ms. Harris, petitioner's co-defendant, or high-lighting Ms. Dixon's clearly helpful medical limitations observations of petitioner's inability to commit the offense alleged in the exaggerated indictment. Clearly, Ms. Harris's testimony was however, more influenced by the "first law of nature", (self preservation) than it was to be accepted as a defense to her co-defendant being prosecuted and should have been accepted in that obvious motive rather than complete acceptance without caution.

For evidence note her testimony to the jury: *Mr. Payne agreed, at post conviction hearing, that Ms. Harris had testified that she was so flustered that Mr. Keene had tied up the victim by himself. (III, R, 29-30). Mr. Payne agreed that the State's theory was the allegation that Mr. Gunter was beaten by Mr. Keene with a metal stick. (III R, 38-39).* Ms. Harris also testified that Petitioner was very violent and "always" carries a metal stick with a ball on it

(III R, 37-38) even though defense counsel heard her testimony that she had known the petitioner for two weeks. (III R, 54) Ms. Harris also testified that while she was afraid of Petitioner, there was plenty of opportunity to cross-examine this witness to show that she really wasn't afraid of the person she was accustomed to get high with. (III R, 60);

Once Ms. Harris stated that the victim had done nothing to her other than grab her jacket, (III R, 42-44) and at another point in her testimony, she stated that the victim had grabbed her hair which caused her to scream. (III R, 41). As stated by the Supreme Court in *Cronic*, a failure to cross-examine a key prosecution witness is a constitutional error of the "first-magnitude", 466 U.S. at 659.

Petitioner's right to confront his accuser, guaranteed him by the 6th Amendment's confrontation clause, the Fifth and Fourteenth Amendment Due Process Clause, and Article I Section 9 of the Tennessee Constitution, were violated when counsel did not cross-examine the state's chief witness Amanda Harris, who testified against petitioner, in violation of Bruton v. United States. Cross examination is a fundamental right afforded by the confrontation clause of the Sixth amendment. Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S.Ct. 143.    Trial Counsel's abject failure to cross examine this crucial witness on the stand, as the only other person involved in the crime, was a distinct dereliction of duty at a crucial stage of the proceedings in violation of the 5th, 6th and 14th Amendments to the United States Constitution and Article 1, Section 8 and 9 of the Tennessee Constitution. United States v. Cronic, 466 U.S. 648, 659 (1984).

The same is possible conversely, that if he had cross-examined Ms. Harris, he would have elicited even more "favorable" testimony than he had by the prosecution's examination of this witness.

Instead, this co-defendant at a crucial stage of the proceedings, was able unabated, to habilitate her defense and make more favorable testimony about her lack of involvement in the crime., while more securely strapping the rope of guilt around her co-defendant to the agreement and support of the State's prosecution, a ruse that is not so uncommon among co-defendants. Yet, trial counsel did not even attempt to investigate this witness pre-trial or at trial to have any idea that her testimony would be even more "favorable". This failure was constitutionally deficient assistance of counsel under Federal Supreme Court law.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes x☐  No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?　　Yes x☐  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Petition for post conviction relief. In the Criminal Court for</u> <u>Greene County, Tennessee</u>

_____

Name and location of the court where the motion or petition was filed: <u>Greene County,</u> <u>Tennessee</u>

_____

Docket or case number (if known): <u>No. 19 CR 150</u>

Date of the court's decision: <u>9-22-22</u>

Result (attach a copy of the court's opinion or order, if available): <u>Attached</u>

    (3) did you receive a hearing on your motion or petition?

        Yes x☐  No ☐

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes x☐  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>In the Court of Criminal</u>
<u>Appeals – Eastern Division at Knoxville</u>

Docket or case number (if known): <u>No. E2022-01410-CCA-R3-PC</u>

Date of the court's decision: <u>9-14-2023</u>

Result (attach a copy of the court's opinion or order, if available): <u>Attached</u>

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why did you
raise this issue: _____

(e) **Other Remedies:** Describe any other procedure (such as habeas corpus,
administrative remedies, etc.) that you have used to exhaust your state remedies on
Ground One: Appeal to the Tennessee Supreme Court. <u>In the Tennessee Supreme Court</u>
<u>at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se;</u>
<u>prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest</u>
<u>of justice", court went on the "waive the time limit"; Court went on to "consider the</u>
<u>application"; denied Rule 11 Application on 2-14-24; (per curiam)</u>

**GROUND TWO:** <u>INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO</u>
<u>INVESTIGATE MITIGATING EVIDENCE AND FAILED TO UTILIZE AT CRUCIAL PHASE OF</u>
<u>THE PROSECUTION MITIGATING EVIDENCE FROM EXPERT WITNESSES AT TRIAL AND AT</u>
<u>SENTENCING ESTABLISHED A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE</u>
<u>IN THE OUTCOME.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your
claim): <u>Counsel was in near complete disregard as to the necessity of an expert</u>
<u>witness in this case. The post conviction court mistakenly held that Petitioner faulted</u>
<u>counsel for not finding an *"expert to testify that he was unable to commit 'the murder' (the*</u>
<u>*dexterity and actions alleged that petitioner committed) in perpetrating the offense"*.</u>

<u>Petitioner submits that it was deficient counsel to be satisfied that one *"office of Dr.*</u>
<u>*William Kennedy, M.D.'s" response that "the group was not interested in working on the case"*</u>
<u>(i.e. prejudiced) against providing legal assistance to petitioner, for the outrageous reason</u>

*"because he was incarcerated."* Trial counsel at the evidentiary hearing that he sought *"a medical expert and a vocational expert to testify about the Petitioner's abilities regarding his missing left arm*...Petitioner's abilities were not acknowledged as *"neither expert was interested in meeting with the Petitioner while he was in jail."* Petitioner testified that he did not have full use of his right hand and submitted certified medical records from Mt. Sinai Hospital, Johnson City Medical Center, and TDOC that showed that he suffered from a direct shotgun wound on June 5, 2012, that resulted in the amputation of his left arm above the elbow and gunshot fragment in his right-hand and chest. (III R, 80-83)(IV R, 18-163)(V R, 1-93 (X R, 1-951) (Trial Exhibit 3). Petitioner testified that he did not have full use of his right hand and that he told his trial counsel, Douglas Payne, that it was impossible for him to have held Mr. Gunter down and then tied him u p. (III R, 83-84)

Petitioner submits that it would be reasonable to expect that in the life of a typical criminal lawyer, that some or at least one of his incarcerated client's "in jail", - with over 20 or 30 years of criminal trial experience as the post conviction court found – that he would be able to find more than one member of any "group" of medical experts other than the one he found with the jaundiced view that he and they do not assist inmates in jail with their medical expertise. Defense Counsel Payne stated that Dr. Kennedy, and his partner Dr. Hankins, both indicated that they were not interested in being involved with a criminal case where they had to go to a jail. (III R, 21). After than, Mr. Payne testified that he did not try to obtain any other kind of expert witness about Petitioner's physical limitations. (III, R, 21-25-26)

The defense  petitioner sought, to show his anatomical limitations impinging on his ability to have committed the offense he stands convicted of, was to raise the defense of reasonable doubt of the defendant's ability to do all of the acts he was alleged to have committed, based on their objective expert medical opinion. Had defense counsel sought **more than one medical expert,** with experience in anatomical limitations of a paraplegic, it is reasonable to assume that there would have been at least one in the entire "Tri-cities" area of hundreds of thousands of inhabitants (Bristol, Johnson City and Kingsport) to offer an expert medical opinion that may have been favorable to the defense and the jury. *"...both the United States and Tennessee Constitution guarantee a criminal defendant the right to a*

_trial by an impartial jury." State v. Schmeiderer, No. 2009 WL 961787, No. M2007-01929, CCA-R3-CD._

The state's appellate court review of this ineffective assistance of counsel claim _"...that trial counsel's failure to call a 'vocational' expert to testify regarding his inability to use his left arm similarly..." (Id)_ is based on an incorrect interpretation of his claim. His post conviction petition contained nothing about a 'vocation'. _"Vocation"_ in the context of whether Petitioner is guilty or whether a vocation expert could testify that Petitioner for some reason could not be guilty of first degree murder is an example of the irrational defense taken by defense counsel. Petitioner was not seeking confirmation of his qualifications for employment. The Oxford American College Dictionary     defines "vocational", as in "vocational expert" as" _of or relating to occupation or employment: they supervised prisoners in vocational activities.'(Of educating or training directed at a particular occupation and its skills."_

Article I Section 9 of the Tennessee Constitution and the 6th Amendment made applicable to Tennessee by the 14th Amendment, guarantees a criminal defendant with "_the reasonably effective assistance of counsel."_ Counsel was _ineffective and deficient_ by searching for a "vocational"  expert to testify about "education or training and employment" , when his client was on trial for first degree murder committed while he had only one arm and limited use of the other hand riddled with shotgun pellets.  Petitioner testified at the hearing that he could not tie his shoes due to the limitation of the buckshot in his right hand and that it would have been impossible for him to have tied up the victim. (Mario Donte Keene v. State of Tennessee, CCA No. E2022-01410-CCA-R3-PC, 9-14-2023, pg. 4)

The result of this failure is the Petitioner was unable to provide any proof of his anatomical inabilities and fears in the mutual combat situation between him and Mr. Gunter. Defense counsel justified his failure to advance this logical and crucial defense, by saying that the jury did not need any comment because the matter was _"open and obvious"._ He dismissed the testimony of witness Ms. Nicole Dixon, who testified at trial that the Petitioner _couldn't tie his shoes...he couldn't dress himself."_  Counsel flippantly shrugged this distinctly helpful testimony as _"counter evidence". (Keene v. State, supra, at #1, pg. 3)_

Trial counsel has a duty to use witnesses who may be of assistance to the defense." State v. Zimmerman, 823 S.W. 2d 220 (1991) (reversing murder conviction on grounds of

ineffective assistance of counsel for defense counsel's failure to use expert testimony of psychologist concerning battered wife syndrome). Counsel's lack of due diligence or effort in obtaining medical expert does not reduce their importance, but it does underscore counsel's ineffectiveness and zealous regard for his client's defense.

Tennessee's Supreme Court in Kendrick v. State, 454 S.W. 3d 450, 457, (Tenn. 2015), held that the reviewing court must review *"all the circumstances"* to determine whether counsel's performance was reasonable and then objectively measure this performance *"against the professional norms prevailing at the time of the representation". (quoting Strickland v. Washington, 466 U.S. at 688,* but they failed to follow their own opinion in this difficult case. The testimony of a forensic expert to testify as to the medical condition of Mr. Gunter before the incident and to testify about the anatomical and psychical limitations of the defendant, were some of the mitigating evidence which Petitioner was denied due to ineffective assistance of counsel.

Petitioner had a "right – indeed a constitutionally protected right – to provide the jury with the mitigating evidence that his trial counsel either failed to discover or failed to offer." *Williams v. Taylor, 529 U.S. 362, 393, 120 S.Ct. 1995.* The *"prejudice requirement is satisfied by demonstrating that but for his counsel's ineffectiveness his trial, but not necessarily it's outcome, would have been altered in a way helpful to him." Strickland v. Washington, Snyder v. Moss, 281 U.S. 97, 116; Tumey v. Ohio, 273 U.S. 510, 535.*

The other expert witness would have been able to explain to the jury the cause of death being related to stress, rather than intentional homicide. In his claim of "insufficient evidence" presented to the Tennessee Supreme Court, petitioner showed that first degree murder in perpetration of a felony was without sufficient evidentiary foundation. The original indictment was admittedly a bargaining tool, to obtain a plea agreement as had been done with his co-defendant.

*"Under our present statutory scheme, the State has broad discretion to charge offense it deems appropriate. Often, this is the most serious offense conceivable even though the evidence may not be clear as to one or more elements of the offense." State v. Burns, 6 S.W. 3d 453, 465.* "The Due Process Clause '"forbids a State to convict a person of a crime without proving the elements of that offense beyond a reasonable doubt."' Fione v. White, 531 U.S. 225, 228-229 (2001); Richey v. Mitchell, 395 F. 3d 660, 672 (6th Cir. 2005).

In Tennessee, criminal statutes allow a defendant to claim defense of another as a defense when the defendant reasonably believes that another is in danger. The evidence showed provocation, and imminent danger due to the possibility of the decedent having weapons in the house and the potential of use of deadly force, as the defendants drove off leaving Mr. Gunter tied up. A forensic expert could have established that the proximate cause of death was due to war in juries long before he ever knew the defendant, resulting from his military service years, before the injuries suffered in the confrontation. Counsel never obtained any medical opinion on cause of death.

Because the petitioner has been "denied the right of effective cross-examination" which "would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it" without any showing of prejudice. *Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105(1974) citing Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748,749 (1968), and Brook hart v. Janis, 384 U.S. 1, 3, 86 S.Ct. 1245, 1246. (1966).* "A person is justified in threatening or using force against another person when, and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use of force…" T.C. A. 39-11-302 (b) (2003).

The only reason Mr. Gunter was tied up by both co-defendants, was to prevent him from going back into his house and possibly securing a weapon. Trial counsel never investigated the fact that this Army veteran had weapons in his home. The decedent was an admitted drug dealer. The Court found that *"Ms. Harris testified that she had a history of drug addiction and criminal activity. She met Mr. Gunter through a friend and often exchanged sexual favors with him for money or drugs." (pg. 2, Keene v. State, No E2022-01410-CCA-R3-PC (9-14-2023).*

Two issues arise at this point: One, had Ms. Harris been cross-examined, she could have testified that the decedent had several weapons inside his home, and two, the failure of defense counsel to follow up on the notice that the decedent did have guns in his home, by way of an investigation, would have helped to raise an "available defense", but it never happened - was not available - because counsel did not perform adequate pre-trial investigation or preparation.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) Direct **appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes x  No ☐

(2)  If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes x☐  No ☐

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Petition for Post Conviction Relief.</u> _____


Name and location of the court where the motion or petition was filed<u>: In the Criminal Court for Greene County, Tennessee</u>

Docket or case number (if known): <u>Cased No. 19 CR 150</u>

Date of the court's decision: <u>Filed 9-22-22</u>

Result (attach a copy of the court's opinion or order, if available): <u>Attached</u> _____

(3)  Did you receive a hearing on your motion or petition?

Yes x  No ☐

(4)  Did you appeal from the denial of your motion or petition?

Yes x  No ☐

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes x  No ☐

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>In the Court of Criminal Appeals of Tennessee at Knoxville;</u>   Docket or case number (if known): _____ <u>No. E2022-01410-CCA-R3-PC;</u>

Date of the court's decision: <u>Filed 9-14-2023; February 14, 2024;</u>

Result (attach a copy of the court's opinion or order, if available): <u>Attached</u> _____

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why did you raise this issue: _____

(e)  **Other Remedies:**   Describe any other procedure (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Appeal to the Tennessee Supreme Court. <u>In the Tennessee Supreme</u>

Court at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se; prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest of justice", court went on to the "waive the time limit"; Court went on to "consider the application"; denied Rule 11 Application on 2-14-24; (per curiam)

---

**GROUND THREE:** DENIAL OF A FULL AND FAIR STATE POST CONVICTION HEARING.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim:

If the Court please, _"In Tennessee, a petitioner enjoys a limited statutory right to representation to the first post conviction petition and appeal." T.C.A. 40-36-206; Waite v. State, 948 S.W. 2d 283 (1997)._ The state's highest courts acknowledge the 5th and 14th Amendments' requirements that defendants receive due process of law in this way: _"Due process in the post conviction context requires merely that '"the defendant has 'the opportunity to be heard at a meaningful time and in meaningful manner." Stokes v. State, 146 S.W. 3d 56, 61 (Tenn. 2004) (quoting, House v. State, 911 S.W. 2d 705, 711 (Tenn. 1995). "The justification for this statutory right is to afford a petitioner the full and fair consideration of all possible grounds for relief."_

Conviction obtained by abuse of discretion by trial and upheld by the post conviction court, that it could tell from the way petitioner moved while testifying that he was capable of committing the charged offense from the bench, deciding a medical opinion without any authority or background to do so and thereby arbitrarily rejecting petitioner's obvious medical-limitation defense with scant foundation.

The post conviction court "observing" the Petitioner's physical abilities, as it sat on the bench during the post conviction hearing, that his movements were not consistent with a medical limitation defense". (at #2, Order, pg. 4, _Keene v. State_). The Court abused its discretion when it "..._first accredited trial counsel's testimony and concluded that he was not ineffective in failing to call an expert to testify about his physical limitations."(Id.)_ This overreach was made without any foundation to clear the air for such an extension of its unrequested medical judicial authority with unknown background judicially, academically or personally, to judge petitioner's limitations as being incapable under the facts of this case, to decide this issue of physical capacity.

The post conviction court committed an egregious error by taking its judicial authority, to convert its judgment as a medical authority on this crucial area as the factual *"defense of others"* in a first degree murder trial by speculating without a medical impairment background, invading the province of the jury, based on the way Petitioner moved his one bad arm while on the witness stand at the post conviction evidentiary hearing.

The denial of a fair and meaningful evidentiary hearing was fait incompli when it concluded that *"It certainly is not lost on the court that Mr. Keene has medical limitations that would make it more difficult for him to commit a crime requiring physical use of force, but the Court's own observations of Mr. Keene in the court room clearly demonstrated that he was not suffering from such extensive medical limitations that would have prevented him from being an active partipate (sic) in these crimes. Mr. Keene is not small or weak man and ambulates with ease and showed significant ability to use his remaining hand as he testified on the stand concerning his limitations in the post-conviction hearing. The Court is not convinced that a medical limitation defense would necessarily even be an appropriate strategy in this case given the other evidence, but the Court can certainly conclude that failing to adopt or move forward with a medical limitation defense does not amount to ineffective assistance of counsel given the evidence in this case."* (Order, Case No: 19CR 150; 9-22-22)

However, the Court never once indicated or found that its own limitations did not excuse it from disposing of petitioner's medical limitations out of hand, while testifying on the stand....in rejecting the defense of incapacity.

(b)  If you did not exhaust your state remedies on Ground Three, explain why: This issue arose in the post conviction setting based on the lack of a meaningful and full evidentiary hearing at the trial post conviction level.

(c)  **Direct appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No x☐

    (2)  If you did **not** raise this issue in your direct appeal, explain why. It concerns a post conviction hearing which had not taken place at the time of the direct appeal;

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☐ No X☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:___Same as above_____

Name and location of the court where the motion or petition was filed: In the Criminal Court for Greene County, Tennessee._____

_____

Docket or case number (if known): Case No. 19 CR 150_____

Date of the court's decision: 9-22-22

Result (attach a copy of the court's opinion or order, if available):  Attached_____

(3) Did you receive a hearing on your motion or petition?

　　Yes x☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

　　Yes X☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes x☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: in the Court of Criminal Appeals of Tennessee at Knoxville_____

_____

Docket or case number (if known):   No. E2022-01410-CCA-R3-PC

Date of the court's decision: 9-13-2023

Result (attach a copy of the court's opinion or order, if available): Attached_____

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why did you raise this issue: _____

(e) **Other  Remedies:**   Describe any other procedure (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: In the Tennessee Supreme Court at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se; prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest of justice", court went on the "waive

the time limit"; Court went on to "consider the application"; denied Rule 11 Application on 2-14-24; (per curiam)

**GROUND FOUR:** CUMULATIVE ERROR CLAIM:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): For petitioner's own assistance in preparing and presenting certain grounds, he relies on clearly established guidelines with no intent to guide or ignore the Court's abilities. The post-conviction court wrote in its Order:"*The court finds that even if Mr. Payne was ineffective based on the alleged cumulative total of mistakes or errors that the results of the case would be the same." (Order, @ #7) "The cumulative error doctrine is a factual recognition that there may be multiple errors committed in trial proceedings, each of which in isolation constitutes mere harmless error, but which were aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial. State v. Dickinson, 2016 WL 3594749, at \*12, citing, State v. Hester, 324 S.W. 3d 1, 77 (Tenn. 2012). "The cumulative error doctrine exists to protect a criminal defendant's state and federal constitutional right to a fair trial." State v. Herron, 461 S.W. 3d 890, 909, citing, Hester, 324 S.W. 3d @ 76.*

When it comes to coerced confessions, historically, courts of the United States evaluated the admissibility of confessions under a voluntariness test that originated in the common law courts of England and which recognized that coerced confessions are inherently untrustworthy. See *Dickerson v. United States, 530 U.S. 428, 432-33, 120 S.Ct. 2326 (2000).* Petitioner's right to confront his accuser, were violated when counsel did not cross examine the state's chief witness Amanda Harris, who testified against petitioner. Cross examination is a fundamental right afforded by the confrontation clause of the Sixth Amendment.

Petitioner asked the state's Supreme Court to find that counsel's performance was below professional competency standards for not conducting adequate pre-trial investigations of the decedent's medical history to offset or put in proper perspective the fallacy of the indictment for first degree murder. Counsel failed to adequately prepare for trial testimony of defense witnesses of an expert level as compulsory process. Counsel failed to subject State's hostile witness to meaningful cross examination. Counsel was

deficient for failing to "raise all available defenses". Post conviction counsel's assistance at the evidentiary hearing did not meet the "minimum standards of service for all post conviction attorneys based on the Supreme court Rule 28, section 6©(2)-(4). The State failed to establish beyond a reasonable doubt the cause of death, the proof does not establish the elements of the offense of first degree felony murder, especially aggravated robbery, and especially aggravated kidnapping. The evidence against him is insufficient as a matter of U.S. Supreme Court law to support a finding of guilt, specifically because o the lack of evidence regarding "cause and manner of death" due to the obvious precondition of medical infirmities of the decedent and the correlation, or lack thereof, of the fight between Mr. Gunter and the co-defendants, to support a finding of a rational trier of fact that the petitioner is guilty of first degree murder beyond a reasonable doubt. The statute in effect at the time of the crime defined first degree murder as *"the premeditated and intentional killing of another". T.C.A. 39-13-202(a) (1). "The mental state of the accused at the time of the accused allegedly decided to kill must be carefully considered in order to determine whether the accused was sufficiently free from excitement and passion as to be capable of premeditation." T.C.A. 39-13-202(d).*

As further proof positive of lack of evidence of intent to commit first degree felony murder at any time, which reflects on the poor performance of counsel's duty to raise all available defenses, the failure to provide the defense with medical expert of physical inabilities, that would lend credence to the petitioner's fear of safety that led to Mr. Gunter being tied up. An expert witness could have testified that a two-armed man could reasonably be expected to overcome a one-armed man with wounds in his remaining arm and hand, in a physical confrontation, therefore justifying a defense of self and others. Would have likely led to a more reasonable jury verdict of involuntary or voluntary manslaughter. If the Court please, in the State case of Mosely v. State, 477 S.W. 2d at 248, the Court discussed the "'law of mutual combat cumulating in homicide'" as found in the Supreme Court's decision in Hunt v. State, 303 S.W. 2d 740 (1957): *"In Hunt, he had been convicted of second degree murder and given ten years for the fatal knifing of a man who set upon him to avenge an attack upon the deceased's wife. Hunt claimed that he was attacked and was only defending himself. Our Supreme Court said: "'Be all this as it may, it clearly*

*appears to us and there is ample evidence in the record that this was a mutual combat after it got started." Moseley, at 248.*

Reliance on the direct examination of the state's chief witness Amanda Harris, did not justify the failure of defense counsel to cross examine the petitioner's co-defendant.

(b) If you did not exhaust your state remedies on Ground One, explain why: The issue of failure to cross examine the petitioner's co-defendant was raised in the state courts.

Insufficient evidence of first degree murder for a rational juror to have found him guilty beyond a reasonable doubt was raised in the state courts. Ineffective assistance of counsel was raised in the state courts. The issue of involuntary confession should have been suppressed was raised in the state courts.

(c) **Direct appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes X☐ No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: I.A.C.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes X☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for Post Conviction Relief

Name and location of the court where the motion or petition was filed: In the Criminal Court for Greene County, Tennessee.

Docket or case number (if known): Case No. 19 CR 150

Date of the court's decision: 9-22-22

Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?

Yes x☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes x☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes x☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>In the Court of Criminal Appeals of Tennessee at Knoxville</u>

Docket or case number (if known): <u>No. E2022-01410-CCA-R3-PC</u>

Date of the court's decision: <u>9-14-2023</u>

Result (attach a copy of the court's opinion or order, if available): <u>Attached</u>

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why did you raise this issue: _____

(e) **Other Remedies:** Describe any other procedure (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>In the Tennessee Supreme Court at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se; prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest of justice", court went on the "waive the time limit"; Court went on to "consider the application"; denied Rule 11 Application on 2-14-24; (per curiam)</u>

**GROUND FIVE:** <u>INSUFFICIENT EVIDENCE:</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): <u>Transcript of the trial shows the prosecutor stated to the jury "*Donald Ray Gunter suffered serious bodily injury through the use of a metal club.*" There was no proof by the State that the injury was "*serious bodily injury*"; no proof that it was a "*club*". In his argument he pointed to the victim's leg. He also argued that "*the defendant did strike the head. (2) Telling the jury:* "I pushed him off her back into the living room. He's got him off of her according to the defendant. I was holding him down on the floor and he was telling us to stop. Testimony that when he rises up he has to take a few steps side ways and the man has carried stop. Don't do this. Ladies and Gentlemen, that's murder. That's not defense of others! I've look...the state submits that is murder. That is felony murder. That is felony murder. (T.T., Closing Argument by the State, pgs. 21-31) No, what that argument was specious accusation without foundation, that prepared the jury to find the Petitioner guilty even though thee victim was alive after they left him. There was no proof that the assault</u>

continued after he got the victim off of his co-defendant. While the victim was standing there in front of the Petitioner the prosecutor is claiming that the victim was murdered. The decisions below resulted in an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

_____

_____

(b) If you did not exhaust your state remedies on Ground Five, explain why: _____

(c) Direct **appeal of Ground Five:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes X☐ No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes X☐ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: ___ Petition for post conviction relief _____

    Name and location of the court where the motion or petition was filed: In the Criminal Court for Greene County, Tennessee

    Docket or case number (if known): Case No. 19 CR 150

    Date of the court's decision: 9-22-22

    Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?

        Yes x☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

        Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: In the Court of Criminal Appeals of Tennessee at Knoxville

Docket or case number (if known): No. E2022-01410-CCA-R3-PC

Date of the court's decision: 9-14-23

Result (attach a copy of the court's opinion or order, if available): Attached

_____

_____

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why did you raise this issue: _____

(e) **Other Remedies:** Describe any other procedure (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground five. In the Tennessee Supreme Court at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se; prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest of justice", court went on the "waive the time limit"; Court went on to "consider the application"; denied Rule 11 Application on 2-14-24; (per curiam)

**GROUND SIX:** ARREST WARRANT PREPARED BY DETECTIVE MIKE FINCHER CONTAINED FALSE STATEMENTS AND MATERIAL OMISSIONS WITH RECKLESS DISREGARD FOR THE TRUTH.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim: In this case, Det. Randolph stated that he handwrote the statements taken on each occasion and had them signed by Mr. Keene. (Trans. III R. 9-10) Det. Randolph indicated that he confronted Mr. Keene with the confession provided by Amanda Harris between his first and second statements. (III R. 10) Petitioner stated that he told the truth in the first statement. (III R. 86). However, after Amanda Harris gave a statement to law enforcement, Det. Randolph returned with a changed demeanor stating *"If I told (law enforcement (you did [what Amanda Harris confessed], they going to stop doing this." (III R. 88].* Det. Randolph stated that while he always kept a recorder with him, he could not recall if he recorded petitioner's statements. (III,R,12). In discovery response, he never provided petitioner with a recording of the statement to the Petitioner. (Id) Petitioner's testified that the detectives would stop harassing him if he would agree to the statement of his co-defendant. There was clear and convincing evidence that the second statement was coerced

and not voluntary. Det. Randolph's implied promise of leniency was such as to overbear the defendant's will to resist and bring about a statement that was not freely determined. Thus, the failure to preserve or memorialize the two statements from the Petitioner, departing from the required procedure of interrogation of a witness, resulted in a decisions that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Therefore, the trial court erred in not granting post-conviction relief.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) Direct **appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes x ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  Yes x ☐  No ☐

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Petition for Post Conviction Relief_____

Name and location of the court where the motion or petition was filed:_In_____the

Criminal Court for Greene County, Tennessee _____

Docket or case number (if known): Case No. 19 –CR-150

Date of the court's decision: 9-22-22

Result (attach a copy of the court's opinion or order, if available): _Atached_____

_____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes x ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes x☐ No☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: In the Court of Criminal Appeals of Tennessee at Knoxville,_____

Docket or case number (if known): No. E2022-01410-CCA-R3-PC_____

Date of the court's decision: 9-14-23_____

Result (attach a copy of the court's opinion or order, if available): Attached_____

_____

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you raised this issue: _____

(b)  If you did not exhaust your state remedies on Ground Six, explain why: In the Tennessee Supreme Court at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se; prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest of justice", court went on the "waive the time limit"; Court went on to "consider the application"; denied Rule 11 Application on 2-14-24; (per curiam)

13. Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes x☐ No☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

(b)      Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Some arose in the post conviction setting, some on pro se appeal to the state's highest court which had jurisdiction to hear them nonetheless. In the Tennessee Supreme Court at Knoxville; E2022-01410-SC-R11-PC; Application for Permission to Appeal Pro Se; prison mailbox rule filing was on 11-14-23; file date given as 11-16-23; "in the interest of justice", court went on the "waive the

time limit"; Court went on to "consider the application"; denied Rule 11 Application on 2-14-24; (per curiam)

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

Yes ☐ No x☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

Yes ☐ No x☐

If "Yes," state the name and location of the court, the docket or case number, the type of the proceeding, and the issues raised:

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Unknown at this time

(b) At arraignment and plea: Unknown at this time

(c) At trial: appointed Counsel Douglas Payne and J. Russel Pryor

(d) At sentencing: J. Russel Pryor

(e) On appeal: J. Russel Pryor

(f) In any post-conviction proceeding: appointed attorney Brent Woolsey, then Attorney Jonathan Cave on April 16, 2021

(g) On appeal from any ruling against you in a post-conviction proceeding:
Petitioner Pro Se with the assistance of Attorney Cave

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No x☐

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: _____

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          Yes ☐ No x☐

Therefore, Petitioner asks that this Court grant the following relief: This Honorable United States District Court should determine that Petitioner should be granted relief due to viable and significant ineffective assistance of counsel, that the second of his 'confession' should have been suppressed as being coerced, that he was denied the compulsory process for obtaining witnesses in his defense, that there was insufficient evidence to find the petitioner guilty of first degree murder, that the sentence and conviction should be reversed for being obtained in violation of the United States Constitution and/or Supreme Court guidance, or in the alternative, that this case should be reversed and Petitioner should be granted a full and fair post conviction evidentiary hearing, That the Petitioner is unlearned in the law and is in need of counsel to assist in the preparation of the argument in the upcoming evidentiary hearing because of the complex nature of the proceedings;

That the Petitioner is indigent and lacks funds to retain counsel to represent him in this cause; That Petitioner believes that he has stated sufficient grounds for habeas corpus relief that justifies the appointment of counsel;

That Petitioner is in need of appointed counsel to assist in properly amending his habeas corpus petition, if necessary, and in all fairness, this Court should appoint counsel

to assist the Petitioner in this matter. Or any other relief to which the Petitioner may be entitled.

I, _MARIO D. KEENE_, declare under the penalty of perjury that the forgoing is true and correct to the best of my knowledge and that this Petition for Writ of Habeas Corpus was placed in the prison mailing on this _18_ day of _April_, 20__.

## DECLARATION OF INMATE FILING

I, _MARIO D. KEENE_, am an inmate confined in the Morgan County Correctional Complex, a TDOC correctional institution. Today, _April 18_, I am depositing the _Petition For Habeas Corpus_ in this case in the institution's internal mail system. First-class postage is being prepaid by me or by the institution on my behalf. I declare under the penalty of perjury that the foregoing is true and correct.[1]

Signed on this _18_ day of _April_, 20 _24_
Executed or signed on this _19_ day of _April_, 20 _24_

Signature of Petitioner

18. **TIMELINESS OF PETITION:** If your judgment of conviction became final over a year ago, you must explain why the one-year statute of limitations as contained in *28 U.S.C. § 2244(d)* does not bar your petition.[2] _____

---

[1] See *28 U.S.C. § 1746* and *18 U.S.C. § 1621*.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in *28 U.S.C. § 2244(d)* provides in part that:

> (1) A one-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to a State court. The limitation period shall run from the latest of:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such state action;

Signature

*[signature: Mario D. Keene]*

---

# UNITED STATES DISTRICT COURT
## FOR THE _EASTERN_ DISTRICT OF TENNESSEE

*MARIO D. KEENE*                                    )
**Petitioner,**                                      )
                                                     )

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercised

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercised

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection.